### DAVID C. RYDER *vs.* MELATIAH HATHAWAY.

The defendant, in an action of trespass for taking wood, filed a brief statement justify-
ing the taking on the ground that the wood came from his own land ; and the plaintiff
recovered less than $ 20. *Held,* that the plaintiff was entitled to full costs, under
Rev. Sts. *c.* 121, § 3, although that part of the wood, for which he recovered, was
proved to have been cut on land to which the defendant never made claim ; and al-
though the verdict was returned on a second trial granted only to settle the question
of damages — the title having been tried and settled in a former trial.

TRESPASS *de bonis asportatis.* The declaration alleged that
the defendant took, carried away, and converted to his own use,
twenty-three cords of the plaintiff's wood. At the first trial,
the defence was, that the wood was the property of the defendant;
that the plaintiff cut it on the defendant's land and removed it to
a landing place which was also the defendant's land, and that
the defendant, as he well might, took it to his own use. The
plaintiff insisted that the wood was cut by him on his own land.
The evidence showed that the plaintiff cut part of the wood on
his own land, and part of it on the defendant's land. The jury
returned a verdict for the defendant, under instructions that if
the plaintiff so mixed the wood which was his own with that
which he cut on land of the defendant, that the defendant did
not, or could not, by any reasonable examination, distinguish it,
an action of trespass would not lie. A new trial was granted,
on the ground that the instruction should have been that the ac-
tion would not lie, if the plaintiff *fraudulently* mixed his own
wood with that of the defendant. But the court said that the
new trial must be confined entirely to the question of damages,
as the question of title had been fully and fairly tried and settled.
See 21 Pick. 298.

At the second trial, " the defendant filed a brief statement,
in which he admitted the taking of the wood, and gave notice to
the plaintiff that he should contend that the wood belonged to
the defendant, and came from his own land, called the West
lot."

From the report of *Putnam,* J. before whom the second trial
was had, it appeared that the plaintiff also claimed the West

lot, and proved that part of the wood, viz. one cord came from the Shepard lot, and part, viz. three cords of wood and one load of cedar came from the East lot ; which last two lots belonged to the plaintiff, and to which the defendant never made any claim. After the evidence was closed, the parties agreed that four cords of the wood and one load of cedar came from the plaintiff's said two lots, and that they were worth $18. The jury were instructed conformably to the opinion formerly given by the court, and they found a verdict for the plaintiff and assessed his damage at eighteen dollars.

The question reserved for the whole court was, whether the plaintiff was entitled to full costs. The defendant contended, that as to the wood and cedar that came from the plaintiff's two lots aforesaid, there was no title to real estate even indirectly drawn in question ; for the defendant never claimed title to either of those lots : And that the title to the plaintiff's real estate did not and could not come in question.

*Coffin,* for the plaintiff. By Rev. Sts. *c.* 121, § 3, a plain tiff is entitled to full costs " in personal actions in which the title to real estate may be concerned, if the plaintiff recover any sum not exceeding $20." The defendant's statement of defence shows that title was in question in this case. See *Dummer* v. *Foster,* 7 Mass. 476. *Padelford* v. *Padelford,* 7 Pick. 152. *Crocker* v. *Black,* 16 Mass. 448. *Plympton* v. *Baker,* 10 Pick. 473. *Blood* v. *Kemp,* 4 Pick. 169. *Simpson* v. *Seavey,* 8 Greenl. 138. *Radley* v. *Brice,* 6 Wend. 539. *Williams* v. *Glenn,* 2 Pennsyl. 137.

*Eddy & Eliot,* for the defendant. The precise point now in question has not been adjudged in any of the cases cited. It appears from the report of this case in 21 Pick. 298, that there was evidence that part of the wood was cut on land not in controversy. And at the last trial, the plaintiff recovered only for the wood cut on land to which the defendant never made any claim. Besides, the case was sent to a second trial only on the question of damages, the title having been fully tried and settled before.

The words of the revised statutes, where " the title to real

estate may be concerned," mean where title *shall be* concerned. *Crosby* v. *Moore*, 6 N. Hamp. 57. *Snow* v. *Hall*, 3 Greenl. 94.

Where the title *is* in question, and the defendant prevails on that point, but is cast on other grounds, and the verdict is against him for less than $20, he should not pay full costs.

The damages must concern the real estate, in order to give full costs. Otherwise, if on any count the plaintiff recovers at all, he will have full costs, if any count respects real estate. *Brown* v. *Majors*, 7 Wend. 495.

SHAW, C. J. This case came on a second time to be tried, and the question, whether the plaintiff had fraudulently intermin gled his own wood with that of the defendant, was submitted to the jury, who found a verdict for the plaintiff, and assessed damages at $18. The plaintiff now moves for full costs, on the ground that the title to real estate was drawn in question. Rev. Sts. *c.* 121, § 3.

It appearing to the court that the defendant filed a brief statement, in which he admitted the taking of all the wood, and justified on the ground that it came from his own land, they are of opinion that the title to the real estate was drawn in question, and therefore, although the plaintiff recovered less than $20, he s entitled to his full costs.